IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | |
| } | 2:12-cv-02961-WMA |
| REAL PROPERTY KNOWN AS } | |
| 420 STERLING PARK CIRCLE, } | |
| ALABASTER, SHELBY COUNTY, ALL } | |
| FIXTURES AND APPURTENANCES } | |
| THEREON, } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION AND ORDER**

Before the court is a motion for summary judgment filed by claimant Dr. Flemings Brooks ("Brooks"). (Doc. 31). Brooks contends that he is entitled to a judgment as a matter of law declaring that he is the owner of an interest in certain real property pursuant to 18 U.S.C. § 983, and that his interest is superior to that of all others. Brooks is one of several claimants in this civil forfeiture action filed by the United States *in rem* against Real Property known as 420 Sterling Park Circle, Alabaster, Shelby County, Alabama, and all Fixtures and Appurtenances Thereon ("Defendant Property"), based on alleged criminal activity by claimant Christopher Linton ("Linton"). After Brooks filed this Rule 56 motion, another claimant, IberiaBank, filed a motion to stay any ruling on the Rule 56 motion, pointing out that it is appealing a state court order that denied its motion pursuant to Rule 24, Ala. R. Civ. P., for leave to intervene in a closed state

case in order to move under Rule 60(b), Ala. R. Civ. P., to set aside the state court judgment that purported to reform a mortgage from Linton to Brooks. (Doc. 35). IberiaBank, as a judgment lien holder, points out that favorable outcomes of its appeal, and of its subsequent proposed Rule 60(b) motion, will move its judgment lien against the Defendant Property to a position ahead of the Brooks mortgage.

## Background

When Linton was a teenager in Samson, Alabama he knew Brooks and Brooks knew him. In late 2010, Linton, a lawyer, contacted Brooks seeking a loan of $300,000 to help finance his new law firm. To secure the transaction Linton and his wife, Carli, agreed to mortgage to Brooks the Defendant Property, which was their residence.

A lawyer retained by Brooks prepared a Loan and Security Agreement specifically referencing the "Sterling Park Circle" property, the Lintons' residence, as the "collateral." Brooks's lawyer also drafted the mortgage instrument, which, unknown to Brooks (and perhaps to Linton) contained a legal description not of the Defendant Property, but of a totally different parcel. On December 29, 2010, the Lintons executed the Loan and Security Agreement, agreeing to secure the $300,000 loan from Brooks with their primary residence. On March 2, 2011, as agreed, the Lintons executed the mortgage in favor of Brooks. The said mortgage

2

instrument with the erroneous legal description was duly recorded in Shelby County, Alabama, where the Defendant Property is located.

In late 2011, after the loan matured and was in default, Brooks learned of the scrivener's error in the drafting of the mortgage.  In January 2012, Brooks retained new counsel to collect the debt and to reform the mortgage to correct the scrivener's error.  On February 7, 2012, Brooks commenced an action in the Circuit Court of Shelby County to reform the mortgage.  On February 9, 2012, Brooks recorded a *lis pendens* in the Shelby County probate court, providing constructive notice of his legal action that, if successful in reforming the mortgage, would allow him to foreclose upon the Defendant Property.

On March 9, 2012, IberiaBank commenced a collection action in the United States District Court for the Northern District of Alabama against Linton and two LLCs as guarantors of loans the bank had made in January 2012.  After obtaining a judgment against Linton, IberiaBank recorded a certificate of judgment in Shelby County on July 9, 2012.

On September 10, 2012, the Shelby County court entered a final amended order in the reformation action correcting the scrivener's error and reforming the Brooks mortgage to contain the correct legal description of the Defendant Property.  Three days later on September 13, 2012, the United States filed the instant forfeiture action and recorded its *lis pendens* in Shelby County.  On October

3

12, 2012, Brooks recorded the reformation order in Shelby County.

Brooks thereupon began foreclosure proceedings pursuant to the power of sale in the reformed mortgage.  The foreclosure sale took place on November 21, 2012, at which time Brooks bid the amount he was owed and was the highest and best bidder.  On November 28, 2012, Brooks provided notice to the Lintons pursuant Ala. Code § 6-5-251 to vacate the Defendant Property.  On December 4, 2012, he recorded his foreclosure deed in Shelby County.

On May 1, 2013, this court entered a consent order in the above-entitled forfeiture action ordering the interlocutory sale of the Defendant Property.

Brooks contends that he is due $300,000 principal, accrued interest in the amount of $83,342.47, plus interest at the rate of $98.63 per diem from April 22, 2013, plus expenses including reasonable attorneys fees.  Although he contends that the foreclosure sale was effective to give him complete title to the Defendant Property subject to any redemption rights, he disclaims any interest in the proceeds of the prospective sale beyond the balance he is owed, and that was secured by the former mortgage. Probably the reason Brooks does not insist on receiving the entire proceeds to be realized from the consent sale is that other claimants might complain and muddy the water if Brooks gets overly ambitious.  Except for IberiaBank, no claimant is resisting Brooks's motion for summary judgment

4

On February 11, 2013, five months after the Shelby County court's reformation judgment was final, IberiaBank filed a motion to vacate it and/or set it aside pursuant to Rule 60(b)(4), (6), Ala. R. Civ. P.  The Shelby County court denied the said motion upon a finding that IberiaBank was not a party to the action and had no standing to challenge the final judgment.  On March 19, 2013, IberiaBank filed a motion to intervene in the closed state court action, and another motion to vacate and/or set aside the judgment, invoking Rules 24 and 60(b), Ala. R. Civ. P.  On May 6, 2013, the Shelby County court denied IberiaBank's motion for leave to intervene and made several findings, including:

> Although IberiaBank had knowledge of this action in September 2012 at the latest, it took no action to become involved until February 11, 2013, well after a final judgment had been entered and the Forfeiture Action had been filed.  Allowing IberiaBank's post-judgment request for relief at this late stage will only complicate the issues and will conflict with the federal Forfeiture Action in which all interested parties have been joined.

(Doc. 37-1 at ¶ 8).  On May 9, 2013, IberiaBank appealed the state court's order denying its Rule 24, Ala. R. Civ. P., motion.  That appeal is currently pending.

### IberiaBank's Motion to Stay

IberiaBank moves this court for a stay until the conclusion of state court proceeding that, it contends, will materially affect title to the Defendant Property if it obtains the relief it seeks.  Specifically, IberiaBank argues that the Shelby County court improperly denied its motion for leave to intervene, a prerequisite

to its filing of a Rule 60(b) motion, and that, if the Alabama Supreme Court reverses the Shelby County court, the final judgment upon which Brooks relies could be set aside by the Shelby County court upon a Rule 60(b) motion.

There is no compelling reason to grant IberiaBank's motion for a stay. IberiaBank did not attempt to set aside the reformation judgment until over five months after the state court entered it, and made it appealable with a Rule 54(b) order. Rule 60(b) provides that "the court **may** relieve a **party** . . . from a final judgment order" and that "[t]he motion **shall** be made with a reasonable time." (emphasis added) The Shelby County court expressly determined that IberiaBank's request for post-judgment relief came too late and exercised its discretion not to allow IberiaBank to intervene. (*See* Doc. 37-1 at ¶ 8).

Although this court is not in the business of predicting what the Alabama Supreme Court will do, it is highly unlikely that IberiaBank will be granted the relief it seeks. A trial court has broad discretion in ruling on Rule 24 and Rule 60(b) motions. On appeal, rulings on such motions are only reviewed for abuse of discretion. *Wright v. Wright*, 628 So. 2d 915, 916 (Ala. Civ. App. 1993). IberiaBank's appeal is narrow in scope and addresses only the propriety of the trial court's denial of the Rule 24 motion. *Id.* The appeal does not directly involve issues regarding the underlying reformation judgment. *Id.*

6

It is impossible to predict the length of time the Alabama Supreme Court will require to decide IberiaBank's appeal. It is easier to predict the outcome of the said appeal than to predict how long a stay pending that appeal and any subsequent proceedings would last. Even if the Alabama Supreme Court were to reverse the order that denied IberiaBank's Rule 24 motion, the matter would only be remanded to the Shelby County court for further proceedings, i.e., to consider the Rule 60(b) motion, which was only mentioned by the Shelby County court in *dicta* because, without becoming an intervenor, IberiaBank lacked the standing as a party to file a Rule 60(b) motion. The Shelby County court has telegraphed its likely course of action upon any remand. It opined that even "[i]f the order were to be set aside, it still appears that the Brooks Mortgage would be due to be reformed." It explained:

> Based upon th Loan and Security Agreement executed by the Lintons and the testimony of Dr. Brooks, there appears to have been consideration for the Brooks Mortgage. IberiaBank cites *Kittle v. Sand Mountain Bank*, 437, So. 2d 100, 101 (Ala. 1983) in which the wife denied receiving any loan proceeds or other benefits and claimed there was no consideration for the mortgage she had executed. In this case Carli Linton acknowledges consideration in writing.

(Doc. 37-1 at ¶ 4).

Under these facts and circumstances, this court finds no reason to delay an adjudication of the title dispute between Brooks and IberiaBank. This is especially true when, at the parties'

urging, this court entered the order to which IberiaBank expressly consented, for interlocutory sale of the Defendant Property.  To stay the proceedings and not to determine the various claimants' respective rights to the proceeds of the anticipated sale would be frustrate to the purpose of that order.  If the stay were granted and the Alabama Supreme Court acknowledged a right in IberiaBank to intervene, and remanded the case to the Shelby County court, and if the Shelby County court then denied IberiaBank's Rule 60(b) motion, IberiaBank could appeal again to the Alabama Supreme Court, and elongate the stay for another indeterminate period of time, likely beyond the tenure of the undersigned as a judge.

### Brooks's Rule 56 Motion[1]

Brooks contends that there are no genuine issues of material fact, thus entitling him to judgment as a matter of law, declaring (1) that he is an innocent owner of the subject real property pursuant to 18 U.S.C. § 983, (2) that IberiaBank is not an innocent owner of the subject real property; (3) that putative claimants that have not timely filed claims after notice have no interest in the Defendant Property, and (4) that the Brooks mortgage, as reformed, must be treated as the first lien on the Defendant Property.  Neither IberiaBank nor any other claimant has submitted evidence in opposition to Brooks's motion and do not address any of

---

[1] Due to the procedural posture of the case, all facts and reasonable inferences therefrom will be viewed in the light most favorable to the non-movants.

the legal authorities cited by Brooks.  Instead, IberiaBank argues that the facts are incomplete because of its pending appeal of the denial of its motion to intervene, discussed *supra*. Based on the undisputed facts, Brooks is entitled to judgment as a matter of law.

**A.    Brooks is an Innocent Owner of the Sterling Park Circle Property Pursuant to 18 U.S.C. § 983**

The right of the United States to obtain an order of forfeiture is subject to the rights of "innocent owners" of the property sought to be forfeited.  18 U.S.C. § 983(d).  This subsection provides:

> **An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.** The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.

(emphasis added). When a claimant acquires an interest in property sought to be forfeited after the alleged criminal conduct upon which the forfeiture action is based has occurred, as is true in this case, an "innocent owner" means:

> a person who, at the time that person acquired the interest in the property –
>
> > (I) was the **bona fide purchaser or seller for value** (including a purchaser or seller of goods or services for value); **and**
> >
> > (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

18 U.S.C § 983(d)(3)(A) (emphasis added).  To be an "innocent

9

owner" of the Defendant Property, Brooks must establish that he is a "bona fide purchaser" and that, at the time he acquired his interest in the property, he had no actual knowledge of the allegedly illegal activities at issue in the case.  *See United Sates v. Real Property at 5000 Palmetto Drive*, 928 F.2d 373, 375 (11th Cir. 1991).

A **bona fide purchaser** ("BFP") is a person  who (1) acquires legal title, (2) in good faith, (3) for adequate consideration, (4) without notice of any claim of interest in the property by any other party.  *Bynum v. Barker*, 39 So. 3d 1013, 1017 (Ala. 2009).[2] Brooks meets all of these requirements.  Brooks acquired "legal title" when he acquired the mortgage reformation decree on the Defendant Property.  The efficacy of the reformed mortgage related back to the date of the *lis pendens*.  Brooks thus became an "owner" and could assert his claim of innocent ownership.  18 U.S.C. § 983(d)(6); *see United States v. One Single Family Residence Located at 6960 Miraflores Ave.*, 995 F.2d 1558, 1561 (11th Cir. 1993). Brooks continued to be an "owner" after becoming the grantee in the foreclosure deed.  Second, Brooks acquired his interest in good faith.  Brooks knew Linton when Linton was a teenager, and

---

[2] To determine Brooks's interest in the property, the court applies the real property law of Alabama, the state in which the property is located.  *See United States v. One Single Family Residence without Buildings located at 15621 S.W. 209th Ave., Miami, Fla.*, 894 F.2d 1511, 1517 (11th Cir. 1990).

graciously, if ill advisedly, loaned Linton's law firm money to finance its operations. Brooks's $300,000 loan is not a pepper corn. Its adequacy is not in dispute. Finally, Brooks had no notice of any claim of interest in the property by any other party except, of course, the Lintons, as mortgagors.

Brooks has also satisfied the lack of knowledge requirement in § 983(d)(3)(A)(ii). In March 2011, when Brooks acquired his security interest, he did not know and had no reason to believe that the Lintons' personal residence was subject to forfeiture. Based on their decades-long relationship, Brooks trusted Linton. Brooks had no knowledge of any potential or actual criminal conduct by Linton, and had no reason to believe that the Defendant Property was exposed to possible forfeiture. The loan to Linton was made in good faith reliance on the security provided by the Lintons' mortgage.

There is no evidence to suggest that this undertaking was anything other than a simple secured loan transaction. Brooks did not become aware of any allegations of criminality by Linton until November 2012, when he received notice of the instant forfeiture action. In fact, there is no evidence whatsoever to challenge any of the facts essential to a finding that Brooks is an "innocent owner" of the Defendant Property.

**B.    IberiaBank's Competing Interest.**

IberiaBank holds a judgment lien on the Defendant Property

acquired subsequent to the filing of Brooks's *lis pendens*.  Whether IberiaBank's lien interest is superior to Brooks's interest depends entirely upon whether Brooks' mortgage was properly reformed after this constructive notice was provided IberiaBank.

**C.   The Brooks Mortgage, As Reformed, Constitutes the First Lien on the Defendant Property**

The public records, like the rest of Brooks's evidence, are not in dispute.  At the time of foreclosure, Brooks held the superior interest in the Defendant Property based on his *lis pendens*.  "*Lis pendens*" is a doctrine that allows a party to protect an interest in property while that interest is being litigated.  The *lis pendens* acts as a place holder for the litigant's interest.  An order or judgment subsequently obtained in litigation will date back to the critical date alleged in the complaint upon which the *lis pendens* was based.

The original erroneous mortgage to Brooks was recorded on March 2, 2011.  Because it did not contain a description of the Defendant Property, it provided no constructive notice of an interest by Brooks in the Defendant Property.  However, Brooks's action to reform the mortgage and to correct the scrivener's error was filed on February 7, 2012, and his *lis pendens* was filed on February 9, 2012, long before IberiaBank filed its certificate of judgment.  This sequence of events had the effect of placing Brooks in the position to foreclose the mortgage deemed to have existed from March 2, 2011.

## Conclusion

For the foregoing reasons, IberiaBank's motion to stay is DENIED, and because there are no disputed issues of material fact, Brooks is entitled to judgment as a matter of law. Accordingly, Brooks's motion for summary judgment is GRANTED, except for Brooks's request that IberiaBank be found not to be an innocent owner, an issue the court finds unnecessary to its decision. A final judgment in accordance with this order will not be entered until the Defendant Property is sold and a disbursement of the sale proceeds becomes necessary, at which time Brooks will receive such proceeds as are necessary to make him whole. Tentatively, the court does not believe that any attorneys' fees occasioned by litigation in this court, in the Shelby County court, or in the Alabama Supreme Court, will be recoverable by Brooks.

Done this 14th day of June 2013.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

13